This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38958**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**HECTOR ROSALES,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY**
**Thomas F. Stewart, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant has appealed his convictions for aggravated battery on a household member (great bodily harm) and violating a restraining order. We previously issued a notice of proposed summary disposition, proposing to affirm. Defendant has filed a combined memorandum in opposition and motion to amend the docketing statement. After due consideration, we deny the motion, and affirm.

**{2}** We will begin with the motion to amend, by which Defendant seeks to challenge the manner in which the district court handled the excusal of a juror. [MIO 9-10] Specifically, Defendant suggests that the juror, who indicated that she had realized that

she knew Victim, might have tainted the entire jury panel. [MIO 9] However, trial counsel neither conducted voir dire relative to this matter, nor sought further relief from the district court, and there is nothing in the record to substantiate the stated concern. Under the circumstances, the unpreserved issue is not viable. *See, e.g.*, *State v. Hovey*, 1987-NMSC-080, ¶¶ 12-13, 106 N.M. 300, 742 P.2d 512 (rejecting a similarly unpreserved claim that an entire jury panel was tainted). We therefore deny the motion to amend. *See State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (indicating that a motion to amend will be denied if the issue is not viable).

**{3}**     We turn next to the issues raised in the docketing statement and renewed in the motion to amend.

**{4}**     Defendant continues to assert that the district court erred in excluding a prospective juror for cause. [MIO 3-4] However, insofar as the prospective juror expressed bias against the prosecution and/or law enforcement officers, [MIO 3] the district court's election to excuse for cause was well within its discretion. *See State v. McGuire*, 1990-NMSC-067, ¶ 23, 110 N.M. 304, 795 P.2d 996 ("Absent manifest abuse of discretion, we will not disturb a trial court's determination of questions of juror bias."). Although Defendant focuses on the fact that the juror did not indicate that he or she would be unable to set aside his or her bias and follow instructions, [MIO 3] this "in no way indicates an abuse of discretion." *State v. Jim*, 1988-NMCA-092, ¶ 16, 107 N.M. 779, 765 P.2d 195. We therefore reject the assertion of error. *See, e.g., id.* (rejecting a similar argument).

**{5}**     Defendant further contends that an officer was improperly permitted to remain at counsel table throughout the trial proceedings. [MIO 4-6] However, insofar as the witness was an investigative agent, that was permissible. *See State v. Ryan*, 2006-NMCA-044, ¶ 40, 139 N.M. 354, 132 P.3d 1040 (explaining that investigative agents are an exception to the rule of exclusion). We similarly reject Defendant's suggestion that the officer should have been required to testify first. [MIO 5] Although that may have been an option, the approach taken by the district court was well within its discretion. *See, e.g.*, *State v. Shirley*, 2007-NMCA-137, ¶¶ 33-35, 142 N.M. 765, 170 P.3d 1003 (rejecting a similar challenge under analogous circumstances).

**{6}**     Next, Defendant renews his argument that Victim was improperly permitted to testify about anxiety and mental anguish that she experienced, contending that this was irrelevant. [MIO 6-7] Although the psychological impact of Defendant's attack upon Victim may not have gone directly to the elements of the offenses with which Defendant was charged, it was nevertheless relevant, insofar as it tended to establish the serious nature of the harm to Victim and the extent of the danger that Defendant's conduct posed. *See* Rule 11-401 NMRA (providing that evidence is relevant if it tends to make a fact in issue "more or less probable" and "the fact is of consequence in determining the action"). We therefore reject the assertion of error.

**{7}**     Finally, Defendant renews his challenge to the sufficiency of the evidence to support his convictions. [MIO 8-9] However, as we previously described at greater

length in the notice of proposed summary disposition, [CN 5-8] the State satisfied its burden by presenting evidence that Defendant hit Victim in the face and choked her until she lost consciousness, as well as evidence that an order of protection had been filed, which was valid on the date in question. Although we understand Defendant to suggest that the testimonial and photographic evidence was not sufficiently compelling, [MIO 8-9] we "will not invade the jury's province as fact-finder by second-guessing the jury's decision concerning the credibility of witnesses, reweighing the evidence, or substituting [our] judgment for that of the jury." *State v. Garcia*, 2011-NMSC-003, ¶ 5, 149 N.M. 185, 246 P.3d 1057 (alterations, internal quotation marks, and citation omitted).

**{8}** Accordingly for the reasons stated in the notice of proposed summary disposition and above, we affirm.

**{9}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**ZACHARY A. IVES, Judge**